*335
 
 Ruffin, Judge,
 

 after stating the case as above, pro-eeeded as follows: A promise by an executor to pay a debt, to a creditor of the testator is void, unless the exe-eufor have
 
 assets;
 
 for his liability to pay, which depends upon his having assets, is the consideration of the promise
 
 (Sleigheter
 
 v.
 
 Harrington,
 
 2
 
 Murp.
 
 332). This is however, wlure the assets form the sole consideration, and the obligation to pay can never exceed the amount of the assets in the executor’s hands. The executor may however render himself personally liable for the testator’s debt, by a promise founded upon another adequate consideration, although he have no assets. As if he promise, in consideration of the creditor’s doing any other act, causing benefit to the promiser, or loss to the other' party. This act, which constitutes the consideration, is not required to appear to the Court, as adequate in point of value. The parties are the judges of that, and unless it be so grossly inadequate, as to show palpably that the whole contract is founded on a mistake all around, or that one has not a capacity to make a bargain, the stipulations will be enforced. An instance w here they will not be is given in the sale of a horse, for a penny for the first nail in his shoe, and doubling each time for the others. But with such exceptions, the rule is genera^ that an act to be done by one party to his own prejudice, or to the advantage, of the other, will support a promise by the latter. If I promise to give A íSlOOO if he will go to Philadelphia, I am bound to pay, though the compensation be enormous. If l agree with B, that if he will bring a suit and fail in it, I will pay the costs, or any other sum of money, it binds
 
 me;
 
 for it may be a prejudice to B to sue. If therefore in this case it had appeared, that the Defendant’s promise was, that if
 
 Mos-iy
 
 would appeal, he, the Defendant, would pay the debt, it would not be material, whether
 
 Chaffin
 
 had assets or not. There would be a sufficient consideration to support a promise, and the only question would be one of
 
 *336
 
 fact9 whether the promise, as made, extended to the debt or to tI,e costs on,y* ,lie i"'oraise expressly embraced the former, it must he enforced as to that, as well as the costs. For any consideration is sufficient to support the whole promise. But the Court would not strain the construction of what passed between the parties, so as to transfer an act done under atid in faith of a void promise, into a consideration for that promise, and thereby charge an innocent man to pay the debt of another. The Plaintiff in such case ought to prove, the agreement, including the consideration, very clearly. There ought to be no doubt about the extent of the contract, or of the inducement. Here the agreement of
 
 Chaffin
 
 to pay was, at the time of making, declared explicitly to be founded on the assets in his hands, and nothing else. There was no talk of an appeal, or of
 
 Moshy’s
 
 doing any thing else but what he was before bound to do, namely, paying the money to Dalton. It was an agreement to indemnify. It turned out afterwards, that
 
 Chaffin
 
 had then no assets. There was no delay on the, part of
 
 Moshy,
 
 nor other act
 
 stipulated for.
 
 It rested solely on the assets. How then lias
 
 Moshy
 
 been injured, or
 
 Chaffin
 
 benefited by any tiling he was,
 
 according to the contract,
 
 to do ? It is true, that
 
 Chaffin
 
 said they understood each other
 
 \
 
 and if that means, that there had been a private agreement between them, that if
 
 Moshy
 
 would appeal, or join in an appeal,
 
 Chaffin
 
 would pay all, it might be; sufficient, But the inference is very remote and hard, and ought not to be drawn without apparent compulsion between parties situated like these. Nor was it so treated by the Counsel in the Court below. In opening the Plaintiff’s case, the appeal is not stated as the consideration upon which the promise was made, but as an inconvenience which
 
 Moshy
 
 sustained by acting on the promise previously made. In like manner was viewed the “ delay of
 
 Moshy,
 
 in taking steps against the administrator of
 
 William
 
 Chaffin.” This is a very distinct thing from these acts being the conside
 
 *337
 
 ration stipulated by
 
 Mosbij,
 
 upon which
 
 Chaffin
 
 pro-raised. If a party take my
 
 assumpsit
 
 without considc-ration, he cannot afterwards recover from me because he trusted to the promise, and will be incommoded if I do not perform it. it is void in law, and the party is bound to know it. If he acted on it, it was upon the faitli of my honor, and to that alone he must appeal. The law cannot help him.
 

 Here the parties did in fact appeal, bnt no connection is proved between that transaction and the agreement Nothing is proved respecting it, nor any communication between the parties, after the time of the promise to the praying of the appeal, which was two days afterwards. Indeed the appeal, as prayed, was necessarily that of
 
 Mosbij,
 
 and as far as appears to us,
 
 Chaffin
 
 made no promise, not even as to the costs, upon that footing. That fact gave the Plaintiff no right, and his verdict is wrong for the small sum recovered by him, unless
 
 Chaf-fin’s
 
 promise was founded upon
 
 Mosby’s
 
 agreement to appeal. Every probability leads us to suppose, that
 
 Mosby
 
 having
 
 Chaffin’s
 
 undertaking to indemnify him, which he (though he ought not) thought good, made himself easy, and allowed
 
 Chaffin
 
 to manage the business in his name, to his own liking. If he has suffered loss, it is his own folly or misfortune; for he ought not to have gone on, without
 
 Chaffin’s
 
 promise, founded, not upon assets which he had not, but
 
 upon that act,
 
 to pay him whatever he should be compelled to pay in that suit.
 

 I agree therefore with the Judge below, that the Plaintiff recovered more than he was in law entitled to.
 

 Per Curiam. — -Let the judgment of the Court below be affirmed.